Charles GIBBONS, Sr., and
Irene S. Gibbons

v.

Raymond TOMASSO, Sr.

No. 95–387–Appeal.

Supreme Court of Rhode Island.

June 2, 1997.

Seth A. Perlmutter, Cranston.

Lawrence P. McCarthy, Providence.

### ORDER

This case came before a hearing panel of this court for oral argument May 21, 1997 pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiffs, Charles Gibbons, Sr. and Irene S. Gibbons, have appealed from a summary judgment entered in the Superior Court in favor of defendant, Raymond Tomasso, Sr. The plaintiffs brought an action against their former attorney, Raymond Tomasso, Sr. for malpractice, breach of con-

tract, and negligent infliction of emotional distress. These claims arose out of a series of transactions between plaintiffs and defendant wherein defendant through a corporation owned by him loaned them the sum of $80,000 to avoid foreclosure proceedings that were pending in regard to a diner owned by plaintiffs in Providence, Rhode Island. Subsequently plaintiffs defaulted on the mortgage that had been granted in favor of defendant's corporation in order to secure the loan. The corporation then foreclosed on the diner.

Subsequent to the foreclosure, plaintiffs filed for bankruptcy pursuant to chapter 7 of the U.S. Bankruptcy Act and were discharged by the Federal Bankruptcy Court May 24, 1992. The plaintiffs did not list this cause of action against defendant as an asset in the course of the bankruptcy proceedings. The defendant moved to dismiss plaintiffs' action on the ground that they had no capacity to bring suit since the cause of action was an asset of the estate and could be prosecuted only by the trustee in bankruptcy. 11 U.S.C. § 541(a)(1).

On defendant's motion for summary judgment, the motion justice entered summary judgment on the ground that the plaintiffs had no capacity to bring this action. In so holding she was clearly correct. *See e.g., DeLarco v. DeWitt,* 136 A.D.2d 406, 527 N.Y.S.2d 615, 616 (3 Dept.1988); *Quiros v. Polow,* 135 A.D.2d 697, 522 N.Y.S.2d 596, 598 (2 Dept.1987); *Truver v. Fall River Trust Co.,* 6 Mass.App.Ct. 951, 382 N.E.2d 1322, 1322 (1978). As the motion justice properly held, this cause of action remained the property of the bankruptcy estate even after the discharge and after the estate had been closed.

Consequently, the plaintiffs' appeal is denied and dismissed. The summary judgment entered in the Superior Court is affirmed.

LEDERBERG and McKENNA–GOLDBERG, JJ., did not participate.