**John R. LOMBARDI**

v.

**Joseph A. SCIACCA.**

**No. 96–651–Appeal.**

Supreme Court of Rhode Island.

March 5, 1998.

Peter D. Ruggiero, Colorado Springs, CO, Robert E. Flaherty, Warwick, for Plaintiff.

Patrick B. Landers, Stephen B. Lang, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

On January 23, 1998, this case came before the Supreme Court pursuant to an order directing both parties to appear and show cause why the issue raised by this appeal should not be summarily decided. After examining the parties' memoranda and hearing their arguments, we perceive no cause and shall therefore proceed to determine the merits of this appeal at this time.

This case involves a claim for legal malpractice. The plaintiff, John R. Lombardi (Lombardi), sought the legal counsel and the professional assistance of defendant, Joseph A. Sciacca (Sciacca), in conjunction with the defense of a civil lawsuit filed against Lombardi that arose out of a business dispute. Lombardi contends that Sciacca failed to adequately prepare and represent his interests both in court and in the underlying business transaction, and as a result, he sustained damages. On July 27, 1995, Lombardi filed suit against Sciacca, alleging legal malpractice, negligence, and breach of contract. Thereafter, Sciacca filed a motion for summary judgment, arguing that since Lombardi had filed a petition for bankruptcy on Octo-ber 21, 1994, and had failed to list this cause of action as an asset, he lacked the standing to bring this claim. A trial justice of the Superior Court agreed with Sciacca and granted his motion for summary judgment.

On appeal Lombardi contends that the trial justice erred in granting summary judgment because (1) a question of fact remained regarding whether his legal malpractice claim accrued prior to his filing for bankruptcy and (2) even if a claim did accrue, summary judgment was not the proper remedy. We disagree.

Section 541(a)(1) of 11 U.S.C. defines the property of the bankruptcy estate as including "all legal or equitable interests of the debtor in property as of the commencement of the case." Furthermore, this section has been interpreted to include any cause of action belonging to the debtor at the time of filing the petition. *See, e.g., Swift v. Seidler,* 198 B.R. 927, 930 (Bankr.W.D.Tex.1996).

■ Here there is no question that Lombardi's claim relates back to Sciacca's alleged malfeasance, which occurred prior to the commencement of bankruptcy proceedings and therefore would normally be considered an asset of the estate. Lombardi contends, however, that a material question of fact exists concerning when he knew, or should have known, of his claim for legal malpractice. *Cf.* G.L. 1956 § 9–1–14.3(2) (when injury due to legal malpractice could not in the exercise of reasonable diligence be discovered at the time of the incident, suit shall be commenced within three years of the time that the act, in the exercise of reasonable diligence, should have been discovered). After reviewing the record, we conclude that Lombardi was well aware of his claim for malpractice prior to the October 1994 filing.

Sciacca received a letter dated August 2, 1994, from Lombardi's new attorney advising him to contact his insurance company owing to "substandard and actionable" representation. Furthermore, in response to a letter from Sciacca, Lombardi's new attorney replied on September 7, 1994, "that my client's claim against you arises from your representation of him with respect to a real estate transaction between he and David Reiser and

from your representation in the Superior Court and for the quality of legal services and advice subsequent thereto." These letters make it clear that Lombardi was cognizant of his legal malpractice claim against Sciacca prior to his October 1994 bankruptcy filing. Moreover, despite the contention of Lombardi's counsel, we conclude that summary judgment is the appropriate remedy.

Lombardi's counsel is quite correct in maintaining that normally "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest[.]" Super.R.Civ.P. 17(a). However, a Rule 17 motion necessarily implies that a real party in interest exists. Here the bankruptcy estate was closed in the spring of 1995, over a year before Sciacca was heard on his motion for summary judgment, and thus ceased to exist. Consequently, since Lombardi did not have the capacity to bring this action and since there was no real party in interest to substitute, the trial justice correctly entered summary judgment in favor of Sciacca.[1] *See Gibbons v. Tomasso*, 694 A.2d 753, 754 (R.I.1997). *See also Calenda v. Allstate Insurance Co.*, 518 A.2d 624, 627 (R.I.1986) ("[t]he action should be dismissed only if the real party in interest is not substituted").

For the foregoing reasons the plaintiff's appeal is denied and the judgment of the Superior Court is affirmed. The papers of the case are remanded to the Superior Court.

BOURCIER, J., did not participate.

---

[1] Although we hold that the entry of summary judgment was appropriate, we note that this is not a determination on the merits but a dismissal based on lack of capacity to bring suit. Therefore, the trustee is not precluded from proceeding should he or she choose to pursue an action against Sciacca.