LARRY J. DeLARCO, Appellant, v MYRON B. DeWITT et al., Respondents.

Third Department, April 28, 1988

## APPEARANCES OF COUNSEL

*Welch, Welch & Carr, P. C. (Francine G. Turner* of counsel), for appellant.

*Levene, Gouldin & Thompson (John J. Pollock* and *Robert H. Reeder* of counsel), for respondents.

## OPINION OF THE COURT

WEISS, J.

Plaintiff commenced this action for legal malpractice and breach of contract against defendant Myron B. DeWitt (hereinafter DeWitt) and his former employer, defendant DeWitt and Schneeberg, P. C., based primarily on the representation provided by DeWitt with respect to plaintiff's purchase in 1983 of the Old Taylor Inn in Scranton, Pennsylvania. On September 15, 1983, plaintiff executed an agreement prepared by DeWitt to purchase the business and the subject premises from Taylor Inn, Inc., the corporate owner. Charles J. Spencer, Jr., represented himself to be president and sole shareholder in the corporation. Thereafter, plaintiff took possession and made substantial improvements. In December 1983, however, an individual owning 50% of the corporate stock of Taylor Inn, Inc., who was not a signatory to the September 1983 purchase agreement, asserted his ownership interest and forced plaintiff to vacate the premises. DeWitt ostensibly represented that he would commence an action to recover plaintiff's investment.

In January 1984, plaintiff moved his family back to their residence in New Milford, Pennsylvania, which was then under a contract of sale which was also being handled by DeWitt. There followed a foreclosure suit by the mortgagees, and a breach of contract action by the prospective purchasers of the residence. Upon DeWitt's advice, plaintiff filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Middle District of Pennsylvania in December 1984.* DeWitt initially acted as plaintiff's attorney in this proceeding. In August 1985, plaintiff consulted another attorney and was advised that a claim for legal malpractice could be made against DeWitt, who had refused to pursue the Old Taylor Inn claim. No attempt, however, was made to add this cause of action to plaintiff's schedule of assets filed with Bankruptcy Court or to otherwise inform the trustee. On August 30, 1985, DeWitt was granted permission to withdraw as counsel in the bankruptcy proceeding. Ultimately, plaintiff received a discharge in bankruptcy on April 8, 1986. Only days later, plaintiff commenced the instant action. Following joinder of issue, defendants moved to dismiss the complaint contending, *inter alia,* that plaintiff lacked the legal capacity

---

* In November 1985, Bankruptcy Court converted the proceeding from chapter 13 to chapter 7.

to sue *(see,* CPLR 3211 [a] [3]). Plaintiff, in turn, moved for permission to amend the complaint to add allegations concerning DeWitt's conduct during the bankruptcy proceeding. Supreme Court granted only defendants' motion, finding that plaintiff lacked the capacity to sue since he failed to disclose the present claims in his schedule of assets filed in Bankruptcy Court. This appeal ensued.

We affirm. In *Dynamics Corp. v Marine Midland Bank* (69 NY2d 191), the Court of Appeals recently confirmed that a bankrupt may not pursue a claim in his own behalf which was not disclosed in the schedule of assets filed in the bankruptcy proceeding. While *Dynamics* involved a chapter 11 bankruptcy proceeding decided under the former Bankruptcy Act *(supra,* at 195-196; *see, Stein v United Artists Corp.,* 691 F2d 885, 888, n 1), the same disclosure requirements pertain in this reconverted chapter 7 proceeding *(see,* 11 USC § 521 [1]; *Schepmoes v Hilles,* 122 AD2d 35). Upon the filing of a voluntary bankruptcy petition, all property which a debtor owns or subsequently acquires, including a cause of action, vests in the bankruptcy estate *(see,* 11 USC § 541 [a] [1], [7]; *Schepmoes v Hilles, supra,* at 36). Unless the debtor's property is listed in the schedule of assets filed with the court or otherwise deemed abandoned, title remains in the estate *(see,* 11 USC § 554 [d]). Thus, an individual debtor lacks the legal capacity to sue on an undisclosed claim that accrues prior to the close of the bankruptcy proceeding *(see, Schepmoes v Hilles, supra).*

Here, plaintiff's claims are based on DeWitt's alleged misconduct from 1983 through his withdrawal as attorney in August 1985. These claims clearly accrued before the termination of the bankruptcy proceeding in April 1986 and, thus, should have been identified on the schedule of assets to be administered for the benefit of plaintiff's unsecured creditors *(see, Dynamics Corp. v Marine Midland Bank,* 69 NY2d 191, 195-196, *supra).* Since it is undisputed that plaintiff failed to list these claims in the schedule of assets and a claim of abandonment was not raised *(see,* 11 USC § 554), Supreme Court properly determined that he lacked the legal capacity to pursue the instant action *(see, Quiros v Polow,* 135 AD2d 697, *lv dismissed* 71 NY2d — [May 26, 1988]; *Schepmoes v Hilles, supra).*

Plaintiff maintains, however, the defendants should be equitably estopped from raising this capacity defense on the

premise that DeWitt deliberately omitted any reference to the Old Taylor Inn transaction in the bankruptcy proceeding to shield his own malpractice. As the Court of Appeals recently stated in *Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359): "the doctrine of equitable estoppel prevents a party from pleading or proving an otherwise important fact because of something which it has done or omitted to do. If another rightfully relies upon its word or deed and, as a result, changes position to his injury, so that it would be inequitable to permit the party to enforce rights inconsistent therewith, the courts will estop the party from taking the inconsistent position" (citations omitted). Even accepting plaintiff's factual allegations against DeWitt, the fact remains that DeWitt withdrew as counsel on August 30, 1985, a point when plaintiff was fully cognizant of the legal malpractice and breach of contract claims asserted herein. Plaintiff's subsequent failure to amend his schedule of assets or otherwise apprise the trustee of these claims cannot be attributed to any detrimental reliance on DeWitt's conduct. The bankruptcy proceeding continued for more than seven months, until April 8, 1986, and yet no disclosure was made. Notably, the instant complaint, dated January 22, 1986, was actually prepared before but not served until after the discharge in bankruptcy. On these facts, the doctrine of equitable estoppel does not pertain.

While a remedy might otherwise be available in the Bankruptcy Court *(see,* 11 USC § 350 [b]; Bankruptcy Rules, rule 5010; *see also, Stein v United Artists Corp.,* 691 F2d 885, 893, *supra; Lapis Enters. v International Blimpie Corp.,* 84 AD2d 286, 290-291), plaintiff cannot pursue the instant action individually against defendants. Having so concluded, we need not review defendants' further assertion that the complaint should also be dismissed on the ground of forum non conveniens. We do note that since Supreme Court granted defendants' motion to dismiss "without costs", the inclusion of costs in the final judgment was error, which may be corrected herein *(see,* CPLR 5019 [a]).

KANE, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, without costs.

Judgment modified, on the law, without costs, by deleting the award of costs to defendants, and, as so modified, affirmed.