■ CLIFFORD STICH, Appellant, v OAKDALE DENTAL CENTER, P. C., et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court (Smyk, J.), entered March 13, 1989 in Tioga County, which granted defendants' motion for leave to serve a supplemental answer and to dismiss the complaint.

Plaintiff worked full time for defendant Oakdale Dental Center, P.C. from May 1982 through August 1982, and intermittently for three weeks thereafter. On August 30, 1983, plaintiff commenced this action against defendants. The original complaint contained five separate causes of action, but, for reasons not relevant to this appeal, now contains two causes of action. On or about November 21, 1988, plaintiff filed a voluntary chapter 7 bankruptcy petition. In his schedule of assets plaintiff inadvertently or mistakenly failed to list his pending causes of action. Without notice to the trustee in bankruptcy and before plaintiff's discharge in bankruptcy, defendants moved to amend their answer and to dismiss the complaint upon the ground that plaintiff lacked the legal capacity to maintain the alleged causes of action due to plaintiff's failure to list them in his bankruptcy schedule of assets. Supreme Court granted defendants' motion and this appeal by plaintiff ensued.

We affirm. Title to plaintiff's causes of action vests in the trustee in bankruptcy *(see,* 11 USC § 541 [a] [1], [7]). Unless the debtor's property, which then included pending causes of action, is listed in the schedule of assets filed with the bankruptcy court or is otherwise deemed abandoned, title remains in the estate *(see,* 11 USC § 554 [d]), and "[t]hus, an individual

debtor lacks the legal capacity to sue on an undisclosed claim that accrues prior to the close of the bankruptcy proceeding" *(DeLarco v DeWitt,* 136 AD2d 406, 408). The order dismissing the complaint should therefore be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.