■ DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION et al., Appellants, v KENNETH MATHIASEN, Respondent. [615 NYS2d 384] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about November 15, 1993, which denied the petitioners' motion for a stay of arbitration and for a declaration that the respondent has no standing under the Bankruptcy Code to pursue his claim against the petitioners in the arbitration proceeding, unanimously reversed, on the law and the facts, the petitioners' motion for a declaration that the respondent has no standing to pursue his claim is granted and the arbitration is permanently stayed, without costs.

The respondent was a bond trader at the petitioner corporation from June of 1989 to December of 1990, when he was fired by his supervisor, the petitioner Michael Bernstein. Seven months later, he filed a voluntary bankruptcy petition pursuant to chapter 7 of the Federal Bankruptcy Code (11 USC). In his schedule of assets, the respondent listed a "claim

against Donaldson, Lufkin & Jenrette" as a contingent and unliquidated claim, the value of which was reported as "unknown". He assigned a total value of $2,000 to the remainder of his personal property.

The trustee appointed to administer the respondent's bankruptcy estate informed the bankruptcy court "that there is no property available for distribution from the estate over and above that exempted by law." The respondent was granted a discharge of his debts, leaving seventeen unsecured creditors owed some $70,000. The bankruptcy proceeding was closed on February 18, 1992.

Thereafter, on January 22, 1993, the respondent filed a $6 million arbitration claim against the petitioners with the National Association of Securities Dealers, alleging fraud and breach of contract in connection with his hiring and subsequent termination from the corporation. The petitioners requested a stay of the proceeding and filed a petition pursuant to CPLR article 75 for a judgment declaring that the respondent had no standing to maintain his claim. They contended that the respondent's claim was the exclusive property of the bankruptcy estate since he failed adequately to disclose it in his bankruptcy petition and since, because of this failure, the trustee never intended, nor notified the respondent's creditors of an intention, to abandon this claim.

The respondent, however, alleged that after he scheduled his claim against the petitioners on his bankruptcy petition, a meeting was held with his creditors, at which time the trustee asked him specific questions about the claim and then told him that she would not pursue it. In an affirmation, however, the trustee asserted that although she did not recall what took place at the creditors' meeting for the respondent's bankruptcy, her usual practice when a debtor informs her of the existence of a substantial unliquidated claim, is either to keep the bankruptcy proceeding open pending the determination of the claim, or demand an affidavit from the debtor stating that she may reopen the case to administer assets in order to pay creditors. She added that had she known that the respondent intended to file a $6.1 million claim after the close of his bankruptcy proceeding, she would have taken one of those steps.

The Supreme Court denied the petitioners' motion for a stay of the arbitration and for a declaration that the respondent has no standing to pursue his claim against the petitioners. After noting that the tape of the meeting with the creditors had been destroyed, and after concluding that the affirmations

of the respondent and the trustee were both self-serving, the court found that "there is every reason to accept respondent's account that he put the trustee and his creditors on notice as best he could." Since his claim was considered, his debts were discharged and the bankruptcy proceeding was closed; the court concluded that the respondent met his burden of demonstrating that his claim against the petitioners had been abandoned by the trustee.

We find that the claim against the petitioners was not properly scheduled on the bankruptcy petition and was not abandoned by the trustee. The Bankruptcy Code requires a debtor fully and truthfully to disclose his property and financial affairs. A discharge in bankruptcy, which provides debtors with a fresh start, free from the burden of past debts, " 'is a privilege granted the honest debtor and is not a right accorded all bankrupts' " *(Matter of Robinson,* 506 F2d 1184, 1189; *see also, Brown v Felsen,* 442 US 127, 128).

An asset, to be properly scheduled, must not be described in merely vague terms *(Matter of Baudoin,* 981 F2d 736, 739, n 4). The respondent's listing of a "claim against Donaldson, Lufkin & Jenrette" on his schedule of assets, without further description or indication of value, was too vague to satisfy the requirements for a proper scheduling. No claim against Bernstein was listed at all. A claim not properly scheduled cannot be abandoned by operation of law and cannot revest in the debtor *(see, In re Schmid,* 54 Bankr 78; *see also, Vreugdenhill v Navistar Intl. Transp. Corp.,* 950 F2d 524, 526). In the absence of an abandonment by the trustee, a debtor lacks standing to sue (11 USC § 554 [c]; *see, Barletta v Tedeschi,* 121 Bankr 669, 671).

Any purported abandonment here was neither intentional, purposeful nor the result of an "intelligent decision" *(In re Schmid, supra,* at 80). A trustee cannot abandon claims of which she is ignorant *(see, First Natl. Bank v Lasater,* 196 US 115, 118-119). In any event, actual knowledge by the trustee of a claim is no substitute for improper scheduling *(Vreugdenhill v Navistar Intl. Transp. Corp., supra,* at 526; *In re Fuller,* 146 Bankr 633, 639).

Although the Supreme Court found the affirmations of both the trustee and the respondent self-serving, the trustee was a disinterested party whose fiduciary obligations were to the debtor and his unpaid creditors *(Mele v First Colony Life Ins. Co.,* 127 Bankr 82, 85). Her affirmation cast doubt on the reliability of the respondent's assertions concerning the in-

quiry made into his claim and her purported statement to him that she was abandoning it. She stated that she would not have abandoned the claim had the respondent provided full disclosure *(cf., Barletta v Tedeschi, supra).* Accordingly, the respondent lacks standing to pursue his claim against the petitioners.

We have considered the respondent's remaining contention and find it to be without merit. Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.

