■ SUSAN T. BROMLEY et al., Appellants, v FLEET BANK, Successor in Interest to NORSTAR BANK, Respondent. [659 NYS2d 83] —In an action, *inter alia,* to recover damages for breach of an oral modification agreement, the plaintiffs appeal from an order of the Supreme Court, Orange County (Owen, J.), dated April 9, 1996, which granted the defendant's renewed motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The Bankruptcy Code broadly defines the property of a debtor to include causes of action existing at the time of the commencement of the bankruptcy action *(see,* 11 USC § 541 [a] [1]; *Pako Corp. v Citytrust,* 109 Bankr 368). The trustee of the estate of the bankrupt is vested with title to all of the bankrupt's property as of the date of the filing of the petition, including rights and choses in action existing at that time *(see,* 11 USC § 541 [a] [1]; *Weiss v Goldfeder,* 201 AD2d 644, 645). The trustee, however, may elect to abandon assets of the bankrupt and, following abandonment, title revests in the bankrupt *(see, Scharmer v Carrollton Mfg. Co.,* 525 F2d 95, 98).

The bankrupt must schedule the causes of action as assets on the bankruptcy petition in order for the trustee to formally abandon the claims. This is so since "[p]roperty can be 'abandoned' only where the trustee * * * knows of it and manifests an intent to abandon it, inasmuch as revesting depends upon the fact that it has been consciously rejected or relinquished as part of the estate" *(Dynamics Corp. v Marine Midland Bank-N. Y.,* 69 NY2d 191, 196; *see also, Weiss v*

*Goldfeder, supra; Ervolino v Scappatura,* 162 AD2d 654; *Schepmoes v Hilles,* 122 AD2d 35).

The Supreme Court in this case properly granted the defendant's motion for summary judgment on the ground that the plaintiffs lacked standing to sue because they failed to properly list on the bankruptcy petition the present claims regarding assets about which they knew or should have known when the bankruptcy petition was filed *(see, Cafferty v Thompson,* 223 AD2d 99). The plaintiffs' contentions that they should be excepted from the above rule because they allegedly informed the trustees of the claims against the defendant after the closing of the bankruptcy case are without merit. "[A]ctual knowledge by the trustee of a claim is no substitute for improper scheduling" *(Donaldson, Lufkin & Jenrette Sec. Corp. v Mathiasen,* 207 AD2d 280, 282). Moreover, the letter dated August 24, 1993, from the plaintiffs' attorney to the trustee long after the closing of the bankruptcy case, inquiring as to "whether or not any interest exists on behalf of yourself as trustee as to any cause of action which may be contemplated against the Norstar Bank [the defendant's predecessor] arising out of their actions in connection with Mrs. Bromley's loans" is too vague and inconclusive to support a finding that the trustee knowingly and intelligently abandoned these assets *(see, Donaldson, Lufkin & Jenrette Sec. Corp. v Mathiasen, supra; Weiss v Goldfeder, supra).*

In view of our determination, we need not reach the plaintiffs' remaining contentions. Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.