OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Plaintiff concedes that she did not schedule the instant cause of action for legal malpractice against defendant as an unliquidated asset in her bankruptcy petition, although said cause of action by plaintiffs own admission accrued prior to the close of the bankruptcy proceedings. Where a bankrupt fails to schedule assets disclosing all tangible and intangible property including causes of action which accrued prior to the termination of the bankruptcy proceedings, title to the assets remains the property of the bankruptcy estate, and the bankrupt loses the capacity to sue with respect to any claims thereto (see, Dynamics Corp. v Marine Midland Bank-N. Y., 69 NY2d 191; Bromley v Fleet Bank, 240. AD2d 611; Strokes Elec. & Plumbing v Dye, 240 AD2d 919; Weiss v Goldfeder, 201 AD2d 644; Schepmoes v Hilles, 122 AD2d 35).
However, the defense of lack of capacity to sue is not jurisdictional in nature and can be waived by failure to timely raise it as a ground for dismissal (see, City of New York v State of New York, 86 NY2d 286, 292; Strokes Elec. & Plumbing v Dye, supra). In the instant case defendant waited nearly three years after service of plaintiffs bill of particulars giving him notice of plaintiffs bankruptcy proceedings to raise the defense, and has preferred no satisfactory explanation for the delay. However, mere delay in the absence of prejudice will not preclude an amendment (see, Quiros v Polow, 135 AD2d 697; cf., Charles Offset Co. v Hobart-McIntosh Paper Co., 192 AD2d 419). Plaintiff here claims that she would be prejudiced if defendant’s motion were granted, inasmuch as her cause of action for legal malpractice against her subsequent attorney in the bankruptcy proceeding, for failure to schedule the instant malpractice action, is barred under the Statute of Limitations (see, CPLR 214 [6]; Dowd v Law Plan Hyatt Legal Servs., 249 AD2d 503; Coastal Broadway Assocs. v Raphael, 246 AD2d 445; Romeo v Schmidt, 244 AD2d 860; Ruffolo v Garbarini & Scher, 239 AD2d 8; see also, Kelly v Cesarano, Hague & Khan, *104 178 Misc 2d 176). However, the issue of whether plaintiff may have a valid cause of action in malpractice against her bankruptcy attorney cannot be determined on the present record and requires a further development of this issue upon the trial. Accordingly, we find that the court properly exercised its discretion in granting that branch of defendant’s motion seeking leave to amend (see, Quiros v Polow, supra; Strokes Elec. & Plumbing v Dye, supra; cf., Charles Offset Co. v Hobart-McIntosh Paper Co., supra), thereby reserving for trial the issue of whether defendant’s delay so prejudiced plaintiff that defendant should be estopped from relying on the lack of capacity defense.
The court also properly denied that branch of defendant’s motion to dismiss the complaint on the ground that plaintiff lacked the capacity to sue. The motion was made subsequent to service of the responsive pleadings, and was, in effect, a motion for summary judgment. Under the 1996 amendment to CPLR 3212, effective on January 1, 1997, a summary judgment motion must be made no later than 120 days after the filing of the note of issue. Where a summary judgment motion is made after January 1, 1997, and the note of issue is filed prior to the effective date of the amendment, the 120-day period runs from January 1, 1997 (Auger v State of New York, 236 AD2d 177; see also, Phoenix Garden Rest. v Chu, 245 AD2d 164). In the instant case the note of issue was filed on May 9, 1996, and was prior to the effective date of the amendment. Defendant’s motion for summary judgment, made on or about November 14, 1997, was well in excess of the 120-day period within which it could have made the motion, and was therefore untimely. In any event, as previously indicated, we are of the opinion that the issue of prejudice to plaintiff is a matter to be resolved at trial.
Kassoff, P. J., Aronin and Scholnick, JJ., concur.