■ BONNIE HANSEN et al., Respondents, v M. ALI MADANI, Appellant. [693 NYS2d 332] —Mercure, J. P. Appeal from an order of the Supreme Court (Torraca, J.), entered August 24, 1998 in Ulster County, which, inter alia, denied defendant's motion to dismiss the complaint due to plaintiffs' lack of capacity to sue.

In July 1991, defendant performed surgery upon plaintiff Bonnie Hansen (hereinafter plaintiff) and removed a cancerous tumor in her duodenum near her pancreas. Plaintiff thereafter developed a necrotizing pancreatitis with peritonitis, which did not respond to defendant's treatment. Plaintiff was then transferred to Albany Medical Center where she underwent further surgery and recovered from the pancreatitis. In July 1992, plaintiffs consulted two law firms concerning a possible medical malpractice claim against defendant. Shortly thereafter, plaintiffs filed a joint bankruptcy petition in which they did not list any assets under the schedule for "[o]ther contingent and unliquidated claims of every nature". In April 1993, plaintiffs received a discharge in bankruptcy.

In February 1994, plaintiffs commenced this action seeking damages resulting from defendant's alleged medical malpractice in his July 1991 care and treatment of plaintiff. Defendant served an answer in March 1994. In 1998, defendant became aware of plaintiffs' prior bankruptcy filing and of the fact that plaintiffs did not schedule this action as an asset. Accordingly, defendant served an amended answer, asserting plaintiffs' lack of capacity to commence and continue the action as an affirmative defense, and then moved to dismiss the complaint on that basis. In response, plaintiffs had their bankruptcy case reopened and filed an amended schedule of assets, which included this action as an asset, and cross-moved to dismiss the affirmative defense of lack of capacity. Supreme Court granted the cross motion and denied the motion, concluding that plaintiffs' lack of capacity has "[i]n the very least * * * been cured". Defendant appeals.

We reverse. Initially, based upon defendant's uncontroverted representation that he did not become aware of plaintiffs' bankruptcy filing until 1998 and plaintiffs' failure to make a competent showing of any prejudice resulting from defendant's delay in asserting the affirmative defense of lack of capacity, we conclude that Supreme Court abused its discretion in dismissing that defense (*see, State Univ. Constr. Fund v Aetna Cas. & Sur. Co.*, 169 AD2d 52, 54; *Quiros v Polow*, 135 AD2d 697, 699, *lv dismissed* 72 NY2d 840). Further, for reasons to be hereinafter set forth, Supreme Court's rationale for denying defendant's motion, i.e., that the impediment of plaintiffs' lack of capacity had been cured, was erroneous.

Turning now to the merits, it is fundamental law that "[u]pon the filing of a voluntary bankruptcy petition, all property which a debtor owns or subsequently acquires, including a cause of action, vests in the bankruptcy estate" (*De Larco v De Witt*, 136 AD2d 406, 408). In addition, title to the debtor's property will remain in the bankruptcy estate unless the property is listed in the schedule of assets filed with the court or otherwise deemed abandoned (*see, Matter of C & M Plastics [Collins]*, 168 AD2d 160, 161; *De Larco v De Witt, supra*, at 408). As such, "a debtor's failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes the debtor from pursuing the claim on his or her own behalf" (*Strokes Elec. & Plumbing v Dye*, 240 AD2d 919, 920; *see, Dynamics Corp. v Marine Midland Bank*, 69 NY2d 191, 195-196; *De Larco v De Witt, supra*, at 408).

In this case, plaintiffs' failure to include the malpractice

cause of action, which clearly accrued prior to the termination of the bankruptcy proceeding, originally barred them from pursuing this action (*see, Strokes Elec. & Plumbing v Dye, supra,* at 920; *Matter of C & M Plastics [Collins], supra,* at 161; *De Larco v De Witt, supra,* at 408). Even after the bankruptcy case was reopened and the schedules amended, plaintiffs were still precluded from bringing the action because the claim was the property of the bankruptcy trustee (*see, Reynolds v Blue Cross,* 210 AD2d 619; *Matter of C & M Plastics [Collins], supra,* at 162). In fact, even the substitution of the trustee as plaintiff would not cure the incapacity (*see, id.*).

As a final matter, because plaintiffs were aware of the facts giving rise to their malpractice claim, their contention that they did not become aware of the viability of their claim until after they filed for bankruptcy is unavailing (*see, Cafferty v Thompson,* 223 AD2d 99, 101, *lv denied* 88 NY2d 815).

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, cross motion denied and complaint dismissed.