■ BERNARD COOGAN et al., Appellants, v ED'S BARGAIN BUGGY CORP., Respondent. [719 NYS2d 260] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (J. Leone, J.), dated January 12, 2000, which, *inter alia*, granted the defendant's motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court did not err in dismissing the complaint on the ground that the plaintiffs lacked the capacity to sue. "The Bankruptcy Code broadly defines the property of a debtor to include causes of action existing at the time of the commencement of the bankruptcy action" (*Bromley v Fleet Bank,* 240 AD2d 611; *see also,* 11 USC § 541 [a] [1]). Upon the filing of a voluntary bankruptcy petition, all property that the debtor owns or subsequently acquires, including a cause of action, vests in the bankruptcy estate (*see, DeLarco v DeWitt,* 136 AD2d 406). A debtor's failure to list a legal claim as an asset on his or her bankruptcy petition causes the claim to remain the property of the bankruptcy estate and precludes a debtor from pursuing the claim on his or her own behalf (*see, Hansen v Madani,* 263 AD2d 881; *see also, Bromley v Fleet Bank, supra*). The incident on which the instant action was based occurred in December 1993. The plaintiffs commenced a bankruptcy proceeding in March 1994 and were granted a discharge in September 1994. It is undisputed that they did not include the action as an asset on the bankruptcy petition. Having failed to do so, they lack the capacity to sue in the present action (*see, Hansen v Madani, supra*; *see also, Bromley v Fleet Bank, supra*). O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.