■ ROBERT J. BURTON, Appellant, v 215 EAST 77TH ASSOCI-ATES et al., Defendants, and LENOX HILL HOSPITAL, Respondent. [725 NYS2d 337] —Order, Supreme Court, New York County (Edward Lehner, J.), entered December 19, 1996, which, to the extent appealed from, granted defendant Lenox Hill Hospital's motion to dismiss the complaint as against it, unanimously affirmed, without costs.

The IAS court properly concluded that plaintiff lacked legal capacity to sue defendant hospital by virtue of his failure to schedule the tort claim against it, which arose prior to the close of his personal bankruptcy proceeding, within the bankruptcy proceeding (see, Dynamics Corp. v Marine Midland Bank-New York, 69 NY2d 191; DeLarco v DeWitt, 136 AD2d 406). While plaintiff maintains that his trustee was aware of the tort claim, actual knowledge by a trustee of a claim is not a substitute for proper scheduling (see, Donaldson, Lufkin & Jenrette Sec. Corp. v Mathiasen, 207 AD2d 280, 282). Nor did the proper scheduling of the plaintiff's contract claim against defendant 215 East 77th Associates suffice to meet the bankruptcy scheduling requirements with respect to plaintiff's tort claim against Lenox Hill (see, id.). We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Tom, Mazzarelli and Friedman, JJ.