■ CARL R. MEHLENBACHER et al., Appellants, v TAMMY Y. SWARTOUT et al., Respondents. [734 NYS2d 290] —Lahtinen J. Appeal from an order of the Supreme Court (O'Shea, J.), entered September 15, 2000 in Tompkins County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Carl R. Mehlenbacher (hereinafter plaintiff) was injured in a motor vehicle accident on September 20, 1994 and he and his wife, derivatively, commenced this action on September 17, 1997. Defendants served an answer and, during the course of discovery, became aware that plaintiff and his wife had filed a chapter 7 bankruptcy petition (11 USC § 701 *et seq.*) in June 1995 which did not list any possible claim relating to the September 1994 accident as an asset (*see*, 11 USC § 521 [1]), that the Bankruptcy Trustee had abandoned all their scheduled assets and that plaintiff and his wife had received a discharge in bankruptcy in November 1995. Defendants moved for leave to amend their answer to assert the defense that plaintiffs lacked the legal capacity to pursue this action and for summary judgment. Supreme Court granted the motion in its entirety and dismissed the complaint. Plaintiffs now appeal.

"[A] debtor's failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the prop-

erty of the bankruptcy estate and precludes the debtor from pursuing the claim on his or her own behalf" (*Strokes Elec. & Plumbing v Dye*, 240 AD2d 919, 920) because, "[u]pon the filing of a voluntary bankruptcy petition, all property which a debtor owns or subsequently acquires, including a cause of action, vests in the bankruptcy estate" (*DeLarco v DeWitt*, 136 AD2d 406, 408; *see, Hansen v Madani*, 263 AD2d 881, 882). Such a claim can only revert to the debtor to be pursued in his or her individual capacity if the claim is "dealt with" in the bankruptcy, which necessitates it being listed as an asset and either abandoned by the bankruptcy trustee or administered by the bankruptcy court for the benefit of the creditors (*see, Dynamics Corp. v Marine Midland Bank*, 69 NY2d 191, 195-196).

Plaintiffs argue that at no time prior to their discharge in bankruptcy were plaintiff's medical conditions resulting from the 1994 accident "serious injuries" as that term is ·defined in Insurance Law § 5102 (d), so no actionable claim against defendants then existed which could have been listed as an asset in bankruptcy. They go on to argue that the law should not require a debtor to speculate upon whether he will develop an actionable "serious injury" in such instances. However, the law is well established that a cause of action for personal injury accrues upon the date of the accident (*see, Yawn v Regional Tr. Serv.*, 61 AD2d 1126, 1127) and we have previously rejected a similar argument, holding that the no-fault law in New York does not "change[ ] the accrual date of [such an] action * * * by postponing the accrual date until a plaintiff can make a prima facie showing of serious injury" (*Jackson v L. P. Transp.*, 134 AD2d 661, 662, *affd* 72 NY2d 975). Supreme Court properly dismissed the complaint based on plaintiffs' lack of capacity to sue.

Mercure, J. P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.