■ Tracie Culver, Respondent, v Howard Parsons, Appellant. (And a Third-Party Action.) [777 NYS2d 536]—

Mercure, J. Appeals (1) from an order of the Supreme Court (Nolan, Jr., J.), entered March 12, 2003 in Saratoga County which, inter alia, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

North Church, Ltd., owner of Bishop's Gate restaurant, entered into a sales agreement with Malta BG, Inc. to sell all of the restaurant's assets, and plaintiff entered into a second agreement to sell her stock in the restaurant to Malta. Plaintiff was the president of North Church. Malta agreed, among other things, to pay plaintiff $104,571.91 to be secured by a mortgage and promissory note. Defendant both signed the promissory note in his capacity as president of Malta and personally guaranteed payment of the note.

After Malta took ownership of Bishop's Gate, it defaulted on its obligations under the sales agreements and filed for bankruptcy. Plaintiff also filed for bankruptcy. Although plaintiff's bankruptcy trustee attempted to collect from Malta and defendant on the promissory note, the trustee eventually abandoned the claim and plaintiff was granted a discharge in bankruptcy. Plaintiff then commenced this breach of contract action against defendant, seeking to collect on defendant's personal guaranty of the promissory note. Defendant commenced a third-party action against John M. Hogan Jr. and Hogan and Hogan, the attorney and law firm that represented both plaintiff and defendant in the negotiation of the sales agreements. Supreme Court granted plaintiff's subsequent motion for summary judgment, entered judgment in her favor and severed defendant's third-party action. Defendant appeals.

Initially, we note that the trustee in plaintiff's bankruptcy proceeding abandoned plaintiff's claims against Malta and defendant under the promissory note, thereby causing the claim to revest in plaintiff in her individual capacity at the conclusion of that proceeding (see *Dynamics Corp. of Am. v Marine Midland Bank—New York*, 69 NY2d 191, 195-196 [1987]; *Mehlenbacher v Swartout*, 289 AD2d 651, 652 [2001]). Further, a defendant's liability as a guarantor generally is not impaired by the discharge of a principal's obligation in a bankruptcy proceeding and, thus, plaintiff may seek recovery from defendant notwithstanding

Malta's bankruptcy petition (*see Union Trust Co. v Willsea*, 275 NY 164, 167 [1937]; *First Natl. Bank of Scotia v Proem-A-Net Economics Corp.*, 235 AD2d 753, 756 [1997]; *First Natl. Bank of Highland v Burley*, 162 AD2d 910, 911 [1990]).

With respect to defendant's affirmative defense, although Malta's failure to list any fraud or breach of contract claims against plaintiff in its bankruptcy petition precludes Malta from pursuing the claim on its own behalf (*see Mehlenbacher v Swartout, supra* at 651-652; *Hansen v Madani*, 263 AD2d 881, 882 [1999]; *DeLarco v DeWitt*, 136 AD2d 406, 408 [1988]), defendant is not precluded from asserting, as a defense, a partial or total failure of consideration (*see Walcutt v Clevite Corp.*, 13 NY2d 48, 55-56 [1963]; *King v Northway Agencies*, 127 AD2d 955, 955 [1987]). In this regard, it is well settled that while "a guarantor when sued alone by the creditor cannot avail himself [or herself] of an independent cause of action existing in favor of his [or her] principal as a defense or counterclaim, . . . [w]here the consideration fails, either partially or entirely, neither the principal nor the guarantor is accountable for anything which has not been received" (*Walcutt v Clevite Corp., supra* at 55-56; *see Taylor & Jennings v Bellino Bros. Constr. Co.*, 57 AD2d 42, 45 [1977] [holding that a guarantor "may also assert the defense of fraud in the inducement of the principal contract once the principal has decided to seek rescission of the contract"]). Accordingly, Supreme Court erred in concluding that defendant, as guarantor, could not raise the defense of failure of consideration.\*

Inasmuch as our review of the record reveals that defendant raised questions of fact on this defense, plaintiff's motion for summary judgment must be denied. We also agree with defendant's argument that, under the circumstances, severance of his third-party action against the attorney and law firm that represented plaintiff and defendant in negotiating the sales agreements is inappropriate. There are common issues and separate trials could result in inconsistent verdicts (*see Finning v Niagara Mohawk Power Corp.*, 281 AD2d 844, 844-845 [2001]). We have considered the parties' remaining contentions and find them to be lacking in merit.

---

\* *Thruway Inv. v O'Connell & Aronowitz* (3 AD3d 674 [2004]), on which the parties both rely, is distinguishable. In that case, the guarantors did not attempt to assert failure of consideration as a defense. Instead, they attempted to assert a malpractice claim that the principal had failed to disclose in a prior bankruptcy proceeding (*id.* at 676). That claim was "an independent cause of action existing in favor of the principal, which [it] alone [could] assert in what [it] deem[ed] to be [its] best interest" (*Walcutt v Clevite Corp., supra* at 55-56).

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order and judgment are reversed, without costs, and plaintiff's motion for summary judgment denied.