■ Steven Rudin et al., Appellants, v Hospital for Joint Diseases, Respondent, et al., Defendants. [826 NYS2d 21]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered August 17, 2005, which granted defendant hospital's motion for leave to amend its answer to assert the affirmative defense of lack of capacity to sue and to dismiss the complaint for lack of standing to sue, unanimously affirmed, without costs.

Plaintiffs lacked legal capacity to sue defendant hospital by virtue of their failure to schedule the medical malpractice claim against it as an asset within the bankruptcy proceeding (see *Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d 191 [1987]; *Whelan v Longo*, 23 AD3d 459 [2005], *affd* 7 NY3d 821 [2006]). "While plaintiff maintains that his trustee was aware of the tort claim, actual knowledge by a trustee of a claim is not a substitute for proper scheduling" (*Burton v 215 E. 77th Assoc.*, 284 AD2d 122 [2001]; *see also Donaldson, Lufkin & Jenrette Sec. Corp. v Mathiasen*, 207 AD2d 280 [1994]). Furthermore, the court properly granted the hospital's motion to amend its answer, finding no evidence of prejudice or laches. Concur—Buckley, P.J., Tom, Mazzarelli, Williams and McGuire, JJ.