■ RANDY J. SCHAAL, as Chapter 7 Trustee of JUDITH ANN MASON-MARTINO, Also Known as JUDITH MASON, et al., Appellants, v CGU INSURANCE, Individually and as Successor in Interest to GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, et al., Respondents. JUDITH ANN MASON-MARTINO, Appellant. [948 NYS2d 128]—

Kavanagh, J. Appeal from an order of the Supreme Court (Tait, J.), entered May 17, 2010 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

Judith Ann Mason-Martino is the sole shareholder of plaintiff Express Wire Products, Inc., which owned a building located in the Village of Endicott, Broome County. Her husband, Bruce Mason, procured a comprehensive insurance policy that covered the building from General Accident Insurance Company of America, the predecessor in interest to defendant CGU Insurance. In 1998, Express Wire Products ceased operations and its assets, including the building, were transferred to plaintiff Champnion, Inc., which was also wholly owned by Mason-

Martino. In January 1999, the building was destroyed by a fire,[1] and CGU subsequently rejected a loss claim filed by Mason-Martino.

Express Wire, Champnion and plaintiff Randy J. Schaal, as the chapter 7 bankruptcy trustee for Mason-Martino, commenced this action against defendants for breach of contract and bad faith. Defendants answered and, in addition to asserting various affirmative defenses, subsequently filed a motion for summary judgment dismissing the complaint. Supreme Court granted the motion, dismissed the complaint and plaintiffs appealed.

Mason-Martino has filed a brief on this appeal, on behalf of herself as a "pro se Plaintiff." No other plaintiff has filed a brief or otherwise appeared since the notice of appeal was filed in connection with Supreme Court's order dismissing the complaint. As for Mason-Martino, defendants assert that she is not a party in this action and her appeal of Supreme Court's decision must be dismissed. We agree. Any claim against defendants in connection with these premises belongs to the estate unless the trustee in bankruptcy abandoned it (see *Webber v Scarano-Osika,* 94 AD3d 1304, 1305 [2012]; *Culver v Parsons,* 7 AD3d 931, 932 [2004]; *Mehlenbacher v Swartout,* 289 AD2d 651, 652 [2001]; *Stich v Oakdale Dental Ctr.,* 157 AD2d 1011, 1011 [1990]). While Mason-Martino claims that the trustee "gave up his rights on behalf of [her] debtors," there is no evidence in the record that the trustee abandoned this claim (see *Dynamics Corp. of Am. v Marine Midland Bank-N.Y.,* 69 NY2d 191, 196 [1987]; *Mizrahi v Flaum,* 69 AD3d 589, 590 [2010]; *Mehlenbacher v Swartout,* 289 AD2d at 652; see also 11 USC § 554), or that the claim has been addressed in the bankruptcy proceeding (see *Dynamics Corp. of Am. v Marine Midland Bank-N.Y.,* 69 NY2d at 196). Further, even if the trustee abandoned this claim, Mason-Martino has not been substituted as a plaintiff and, as she is not a party to this action, she may not appeal Supreme Court's order (see CPLR 5511). As a result, the appeal must be dismissed.[2]

Peters, P.J., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the appeal is dismissed, without costs.

---

1. In 2002, Mason was convicted after trial of arson, mail fraud, wire fraud, bank fraud and use of a fictitious name in a mail fraud scheme.

2. Mason-Martino's pro se brief cannot be considered as one submitted on behalf of either Express Wire or Champnion because they are corporations and, as corporations, must be represented by an attorney (see CPLR 321 [a]).