*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   April 14, 2016                    520627
_____

CENTRAL NATIONAL BANK,
    CANAJOHARIE,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER

SCOTTY'S AUTO SALES, INC.,
                        Defendant,
        and

ELAINE AMIDON,
                        Appellant.
_____


Calendar Date:   February 10, 2016

Before:   Peters, P.J., Garry, Rose, Devine and Clark, JJ.

                        _____


        Elaine Amidon, Rome, appellant pro se.

        Wood & Seward, LLP, Gloversville (Jeremiah Wood of
counsel), for respondent.


                        _____


Peters, P.J.

        Appeal from an order of the Supreme Court (Catena, J.),
entered June 10, 2014 in Montgomery County, which denied
defendant Elaine Amidon's motion for a new trial.

        In January 1993, plaintiff commenced this action against
defendants for breach of contract and money owed on a note and
security agreement executed by defendant Scotty's Auto Sales,
Inc. and personally guaranteed by its president, defendant Elaine
Amidon.  Defendants answered, asserting numerous counterclaims
against plaintiff as well as cross claims against an officer of

Scotty's Auto Sales (see CPLR 3019 [d]). A bench trial was held in August 1998 but, before a decision was rendered, Amidon filed a petition for chapter 7 bankruptcy and the action was stayed. Although Amidon was issued a discharge in bankruptcy in August 1999, the action remained dormant for more than a decade. During that time, the Supreme Court Justice assigned to the case retired and all of his files and records, including those pertaining to the instant action, were apparently destroyed. In November 2011, Supreme Court (Sise, J.) concluded that a decision could not be rendered in the instant action due to the unavailability of the trial records and, as a result, the court declared a mistrial and ordered that the parties could move for a new trial in the interest of justice pursuant to CPLR 4402. Amidon's subsequent motion for such relief was denied by Supreme Court (Catena, J.) on the ground that Amidon's failure to schedule the instant counterclaims and/or cross claims in her bankruptcy proceeding deprived her of legal capacity to pursue them in this action. Amidon appeals.

It is fundamental that, "[u]pon the filing of a voluntary bankruptcy petition, all property which a debtor owns . . ., including a cause of action, vests in the bankruptcy estate" (De Larco v DeWitt, 136 AD2d 406, 408 [1988]; see 11 USC § 541 [a] [1]; Thruway Invs. v O'Connell & Aronowitz, 3 AD3d 674, 677 [2004]; Hansen v Madani, 263 AD2d 881, 882 [1999]). Such a cause of action "can only revert to the debtor to be pursued in his or her individual capacity if the claim is 'dealt with' in the bankruptcy, which necessitates it being listed as an asset [in the schedule of assets] and either abandoned by the bankruptcy trustee or administered by the bankruptcy court for the benefit of the creditors" (Mehlenbacher v Swartout, 289 AD2d 651, 652 [2001]; see Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191, 195-196 [1987]). Accordingly, "a debtor's failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes the debtor from pursuing the claim on his or her own behalf" (George Strokes Elec. & Plumbing v Dye, 240 AD2d 919, 920 [1997]; see Webber v Scarano-Osika, 94 AD3d 1304, 1305 [2012]; Culver v Parsons, 7 AD3d 931, 933 [2004]).

Here, it is undisputed that Amidon failed to list her counterclaims and cross claims in the schedule of assets filed in the bankruptcy proceeding, and there is no evidence that the schedule was ever amended to reflect those claims. Although Amidon proffered evidence indicating that the bankruptcy trustee was aware of the existence of such claims, it is settled that "'actual knowledge by a trustee of a claim is not a substitute for proper scheduling'" (Rudin v Hospital for Joint Diseases, 34 AD3d 376, 376 [2006], quoting Burton v 215 E. 77th Assoc., 284 AD2d 122, 122 [2001]; see Bromley v Fleet Bank, 240 AD2d 611, 612 [1997]; Donaldson, Lufkin & Jenrette Sec. Corp. v Mathiasen, 207 AD2d 280, 282 [1994]). Thus, Supreme Court properly concluded that Amidon lacked capacity to pursue the cross claims and counterclaims asserted in this action (see Webber v Scarano-Osika, 94 AD3d at 1305; Mehlenbacher v Swartout, 289 AD2d at 652; Hansen v Madani, 263 AD2d at 882-883; Burton v 215 E. 77th Assoc., 284 AD2d at 122; Bromley v Fleet Bank, 240 AD2d at 612; Donaldson, Lufkin & Jenrette Sec. Corp. v Mathiasen, 207 AD2d at 282).

Garry, Rose, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court