■ MARGERY RUBIN, as Trustee of the RUBIN FAMILY REALTY TRUST et al., Respondents, v DUNCAN, FISH & VOGEL, L.L.P., et al., Appellants. [49 NYS3d 396]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered October 19, 2015, which, to the extent appealed from, denied defendants' motion to dismiss the claims asserted by the individual plaintiffs, Margery Rubin and Robert Rubin, unanimously reversed, on the law, with costs, and the motion granted. Order, same court and Justice, entered March 20, 2016, which, upon reargument, conditionally granted defendants' motion to dismiss the individual plaintiffs' claims, unanimously modified, on the law, to grant the motion unconditionally, and, as so modified, affirmed, without costs. Order, same court and Justice, entered March 20, 2016, which, upon reargument, denied defendants' motion to dismiss the claims asserted by plaintiff Rubin Family Irrevocable Marital Trust (the Marital Trust), unanimously modified, on the law, to grant the motion as to the claims of legal malpractice in connection with the settlement of the America's Cutting Edge Holdings, Inc. (ACE) litigation, except for the claim that defendants failed to obtain credit for plaintiffs of some $200,000 paid against the note and the claim based on deposition advice given to Margery Rubin, and to grant the motion as to the

claim for punitive damages, and otherwise affirmed, without costs.

The failure of the individual plaintiffs to schedule the instant claims as assets in their Chapter 11 bankruptcies bars their pursuit of those claims (*Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d 191 [1987]). It is immaterial that the bankruptcy court had actual knowledge of the existence of the claims (see *Donaldson, Lufkin & Jenrette Sec. Corp. v Mathiasen*, 207 AD2d 280, 282 [1st Dept 1994]).

However, because the Marital Trust never filed for bankruptcy, it did not lose its claims. Further, contrary to defendants' contention, cognizable damages are pleaded by the Marital Trust's allegations that it incurred legal fees and that it lost any source of repayment for its loans to the other plaintiffs by virtue of defendants' malpractice. Thus, the Marital Trust alone has standing to assert the claims in this action.

With regard to the merits, the complaint fails to state a cause of action for malpractice based on the settlement in the ACE litigation, with one exception. Plaintiffs do not allege that they received insufficient advice as to the potential risks of a settlement that did not release all plaintiffs. Even if the advice they received was insufficient, ACE had, on its own, declared that it would not accept such a release, and plaintiffs do not argue that the Rubin Family Irrevocable Stock Trust (the Stock Trust) would not have lost the underlying action in any event, which would have placed them in the same position, regardless of any action by defendants (see *Lindenman v Kreitzer*, 7 AD3d 30, 34 [1st Dept 2004]). The exception is plaintiffs' allegation that defendants failed to obtain credit in the settlement for $200,000 that the Stock Trust paid on the note.

The complaint fails to state a cause of action for malpractice based on the "recap" of accounts and balances provided in the Utah action. While defendants arguably should have found the error in the recap, the error did not cause plaintiffs any harm. It was irrevelant to the Utah proceeding. In the judgment enforcement action in the U.S. District Court for the Southern District of New York, in which the transaction was expressly litigated, plaintiffs were represented by new counsel, and neither they nor counsel corrected the error.

The complaint states a cause of action for malpractice based on the deposition advice given to Margery Rubin. The doctrine of judicial estoppel does not preclude plaintiffs from arguing against counsel that counsel's alleged advice as to giving perjurious testimony caused injury (see *D & L Holdings v Gold-*

*man Co.*, 287 AD2d 65, 71 [1st Dept 2001], *lv denied* 97 NY2d 611 [2002]). Margery Rubin did not prevail in the Utah action by virtue of her testimony. Moreover, the District Court for the Southern District of New York expressly relied on that testimony in finding certain transfers void and entering the turnover order.

The claim for punitive damages must be dismissed because the acts alleged by plaintiffs as a basis therefor are not part of any cause of action and because plaintiffs do not allege that those acts caused them any harm. Concur—Sweeny, J.P., Renwick, Andrias, Kahn and Gesmer, JJ.