Aarons, J.
Appeal from an order of the Supreme Court (J. Sise, J.), entered September 14, 2015 in Montgomery County, which denied defendants’ motion for summary judgment dismissing the amended complaint.
In 2009, defendant Erie Painting and Maintenance, Inc. contracted with the New York State Thruway Authority to perform rehabilitation work on a dam. In connection with this project, All Seasons Contracting, Inc. purportedly supplied and rented equipment and materials to Erie. In June 2010, All Seasons filed a petition for chapter 11 bankruptcy. During the pendency of the bankruptcy proceeding, plaintiff purchased All Seasons’ assets and acquired its interest in its business contracts. On September 6, 2011, an order was entered dismissing All Seasons’ bankruptcy petition.
In October 2012, plaintiff commenced this action alleging *1230 that, from April 1, 2010 to September 1, 2011, All Seasons submitted invoices to Erie totaling $428,908.80 with respect to equipment and materials rented from All Seasons to Erie and that Erie failed to pay such invoices. The amended complaint also asserted derivative claims against defendant Western Surety Company, which, in 2009, had issued a payment bond on behalf of Erie for the purpose of protecting all labor and material suppliers. Following joinder of issue, defendants moved for summary judgment dismissing the amended complaint. Supreme Court denied the motion, prompting this appeal by defendants.
“Upon the filing of a voluntary bankruptcy petition, all property which a debtor owns, including a cause of action, vests in the bankruptcy estate” (Central Natl. Bank, Canajoharie v Scotty’s Auto Sales, Inc., 138 AD3d 1263, 1264 [2016] [internal quotation marks, brackets, ellipsis and citation omitted], lv dismissed 28 NY3d 1044 [2016]). As such, a debtor’s failure to list a legal claim as an asset in its bankruptcy proceeding precludes the debtor from pursuing such claim on its own behalf inasmuch as the claim remains the property of the bankruptcy estate (see Mehlenbacher v Swartout, 289 AD2d 651, 652 [2001]; George Strokes Elec. & Plumbing v Dye, 240 AD2d 919, 920 [1997]; see generally Whelan v Longo, 7 NY3d 821, 822 [2006]). “The only property that may revest in the debtor in its individual capacity at the conclusion of the proceeding is property that was dealt with in the bankruptcy or abandoned” (Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191, 195-196 [1987] [internal quotation marks and citations omitted]).
We conclude that defendants established that plaintiff lacked capacity to sue Erie on the causes of action for breach of contract, an account stated and unjust enrichment/quantum meruit.[1] The documentary evidence demonstrates that, on October 22, 2010, Erie received nine invoices from All Seasons seeking payment for equipment and materials provided and rented from All Seasons to Erie between April 2010 and November 2010.[2] All of these invoices stated that payments were “[d]ue on receipt.” Erie did not pay these invoices and, *1231 instead, immediately returned them to All Seasons with a “disputed” notation stamped on them. Under these circumstances, the claims asserted by plaintiff against Erie accrued prior to the termination of the bankruptcy proceeding, which was in September 2011 (see Kyer v Ravena-Coeymans-Selkirk Cent. Sch. Dist., 144 AD3d 1260, 1262 [2016]; Delaware County v Leatherstocking Healthcare, LLC, 110 AD3d 1211, 1213 [2013]; Elliott v Gian, 19 AD2d 196, 198 [1963]). More to the point, the omission of these claims from the list of All Seasons’ schedule of assets in the bankruptcy proceeding precludes plaintiff from pursuing them on its own behalf because they were not “dealt with” in such proceeding (Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d at 195-196; see Ervolino v Scappatura, 162 AD2d 654, 655 [1990]; DeLarco v DeWitt, 136 AD2d 406, 408 [1988]; cf. Martinez v Desai, 273 AD2d 447, 447-448 [2000]).
We also find that plaintiff had knowledge of the facts giving rise to its claims inasmuch as, prior to the termination of the bankruptcy proceeding, the managing member of plaintiff was provided with copies of the outstanding invoices and was advised by All Seasons’ former owner that payments were due by Erie (see Cafferty v Thompson, 223 AD2d 99, 101 [1996], lv denied 88 NY2d 815 [1996]). Furthermore, we disagree with plaintiff’s assertion that the listing of the equipment and materials underpinning the instant causes of action in the bankruptcy schedule of assets constituted a sufficient disclosure of the causes of action themselves (see Central Natl. Bank, Canajoharie v Scotty’s Auto Sales, Inc., 138 AD3d at 1264; Technology Outsource Solutions, LLC v ENI Tech., Inc., 21 AD3d 1280, 1281-1282 [2005]; George Strokes Elec. & Plumbing v Dye, 240 AD2d at 920; Weiss v Goldfeder, 201 AD2d 644, 645 [1994]). As such, summary judgment should have been granted in defendants’ favor.
McCarthy, J.P., Garry, Rose and Mulvey, JJ., concur.
Ordered that the order is reversed, on the law, with costs, motion granted and amended complaint dismissed.

. According to the amended complaint, the claims for unjust enrichment and quantum meruit were not pleaded as separate causes of action but were alleged together in the third cause of action as “unjust enrichment/quantum meruit.”

. Eleven other invoices dated between November 2010 and September 2011 were also submitted to Erie, but they all sought payment for equipment and materials that were provided and rented to Erie for the month of November 2010.