Messer v Hughes (2024 NY Slip Op 05309)

Messer v Hughes

2024 NY Slip Op 05309

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: Singh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 23891/20 Appeal No. 2922 Case No. 2023-04804 

[*1]Gregory Messer, etc., et al., Plaintiffs- Respondents,
v
Shawna L. Hughes, M.D., et al., Defendants-Appellants.

Costello, Shea & Gaffney, LLP, Rockville Centre (Frederick N. Gaffney of counsel), for Shawna L. Hughes, M.D., Westchester-Bronx OB/GYN Group, appellants.
McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for Denis T. Sconzo, M.D., James A. Shanahan, D.O., New York-Presbyterian Lawrence Hospital, Lawrence Hospital Center, New York-Presbyterian Medical Group Westchester and Lawrence Medical Associates P.C., appellants.
Diamond and Diamond LLC, Brooklyn (Stuart Diamond of counsel), for plaintiffs-respondents.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about August 16, 2023, which denied defendants' motions to amend their answers to include affirmative defenses and, upon amendment, to dismiss plaintiff's complaint based on her lack of capacity to sue, and granted plaintiff's motion to substitute the bankruptcy trustee in her place and stead, unanimously reversed, on the law, without costs, defendants' motions granted, and plaintiff's motion denied. The Clerk is directed to enter judgment accordingly.
Plaintiff Stephanie Rios filed for bankruptcy in May of 2019, and that proceeding is ongoing. On or about March 19, 2020, Stephanie Rios and Luis Rios commenced an action against defendants alleging, among other things, medical malpractice.
Upon the filing of a voluntary bankruptcy petition, all property which a debtor owns, including claims and causes of action, vests in the bankruptcy estate (see Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191, 195-196 [1987]; Lightning Capital Holdings LLC v Erie Painting & Maintenance, Inc., 149 AD3d 1229, 1230 [3d Dept 2017]). Thus, when plaintiff filed for bankruptcy, her claims against defendants became property of the bankruptcy estate and only the trustee had standing to commence and prosecute the claims in the instant action (see Reynolds v Blue Cross of Northeastern N.Y., 210 AD2d 619, 620 [3d Dept 1994]; Quiros v Polow, 135 AD2d 697, 699-700 [2d Dept 1987], lv dismissed 72 NY2d 840 [1988]).
Since this action was commenced by a party without standing to sue, dismissal is required (see Burbacki v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 172 AD3d 1300, 1302 [2d Dept 2019]; see also Hansen v Madani, 263 AD2d 881, 882-883 [3d Dept 1999]). This flaw cannot be cured by a simple amendment substituting the trustee in place and stead of plaintiff debtor (see Goldberg v Camp Mikan-Recro, 42 NY2d 1029 [1977]; Matter of C & M Plastics [Collins], 168 AD2d 160, 162 [3d Dept 1991]). The dismissal, however, is without prejudice, and the parties' arguments concerning CPLR 205(a) are premature until such a time as the trustee commences an action.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024