TH Holdco LLC v Rubin (2025 NY Slip Op 00300)

TH Holdco LLC v Rubin

2025 NY Slip Op 00300

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Index No. 650955/23 Appeal No. 3538 Case No. 2023-06262 

[*1]TH Holdco LLC, Plaintiff-Respondent,
v
Lipa Rubin, Defendant-Appellant.

Miller, Leiby & Associates, P.C., New York (David Lewittes of counsel), for appellant.
Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Emilie B. Cooper of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa Crane, J.), entered November 14, 2024, awarding judgment in favor of plaintiff and against defendant in the total amount of $58,549,183.67, and bringing up for review an order, same court and Justice, entered October 6, 2023, granting plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.
Plaintiff satisfied its prima facie burden on its CPLR 3213 motion for summary judgment in lieu of complaint by submitting the guaranty executed by defendant, the note and other loan documents, and evidence establishing the borrower's default and defendant's failure to perform under the guaranty (see BBM3, LLC v Vosotas, 216 AD3d 403, 403-404 [1st Dept 2023]; see also Simon v Industry City Distillery, Inc., 159 AD3d 505, 505 [1st Dept 2018]). An affidavit submitted by plaintiff's Chief Investment Officer was sufficient to determine the amount owed by defendant under the guaranty (see 27 West 72nd Street Note Buyer LLC v Terzi, 194 AD3d 630, 631 [1st Dept 2021], lv denied 37 NY3d 913 [2021]). These documents are sufficient to establish liability on a motion for summary judgment in lieu of complaint (see Cooperative Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]).
In opposition, defendant failed to raise a triable issue of fact, as he does not dispute the existence of the guaranty, the underlying debt, or his failure to perform under the guaranty (see DB 232 Seigel Mezz LLC v Moskovits, 223 AD3d 610, 611 [1st Dept 2024]). Defendant's other arguments are contravened by the unambiguous terms of the relevant loan documents (see Nordea Bank Finland PLC v Holten, 84 AD3d 589, 590 [1st Dept 2011]). Moreover, his liability under the guaranty is not reduced or extinguished by the bankruptcy proceeding initiated by the borrower (see Culver v Parsons, 7 AD3d 931, 932-933 [3d Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025