(January 15, 1998)

■ ROBERT P. KOPPELMAN, Appellant, v LIDDLE, O'CONNOR, FINKELSTEIN & ROBINSON et al., Respondents. [668 NYS2d 29] —Order, Supreme Court, New York County (Carol Huff, J.), entered October 29, 1996, which, upon converting defendants' motion to dismiss the complaint into a motion for summary judgment (CPLR 3211 [c]), granted defendants summary judgment dismissing the complaint sounding in legal malpractice as collaterally barred by the prior resolution of a legal fee dispute against plaintiff, unanimously affirmed, without costs.

Plaintiff retained defendant law firm in March 1992 to represent him in the underlying matrimonial action. During the course of the matrimonial action, plaintiff disputed a portion of the fee that he was billed, which he declined to pay. The firm commenced an action against plaintiff in September 1992 to recover its fee, asserting causes of action for breach of the retainer agreement, account stated and quantum meruit. In response to the firm's motion for summary judgment, plaintiff specifically took issue with items being billed, but did not

dispute counsel's competence at that time. The motion court granted summary judgment in the fee dispute case to the firm by order dated May 23, 1994; judgment was entered June 8, 1994. We affirmed in May 1995 (215 AD2d 204).

The trial court in the matrimonial action (Lewis Friedman, J.) issued a decision, dated April 5, 1994, against plaintiff with regard to equitable distribution, finding an absence of direct proof on plaintiff's claim that certain property was separate rather than marital property. The matrimonial court also noted a failure to provide documentation, criticized evidence provided by a real estate appraiser produced by plaintiff and otherwise found an absence of proof in support of certain of plaintiff's contentions, for which plaintiff blames trial counsel. These findings by the matrimonial court are the basis for the present malpractice action, which was filed in or about October 1995.

As a general principle, when a client does not prevail in an action with counsel for the value of professional services, a subsequent action for malpractice is barred (*Altamore v Friedman*, 193 AD2d 240, 246, *lv dismissed* 83 NY2d 906), on the theory that such a ruling implicitly finds that there was no malpractice (*Chisholm-Ryder Co. v Sommer & Sommer*, 78 AD2d 143). Plaintiff currently contends that the fee dispute action addressed quantitative matters (i.e., were the rate and items giving rise to charges accurate) rather than issues of competence, so that malpractice was not at that time in issue and there was no identity of claims. Plaintiff further contends that the gravamen of the malpractice claim did not arise until resolution of the matrimonial action, which took place after motion practice on the fee dispute action, so that, in his view, he could not have raised the malpractice claims within the previously filed and litigated fee dispute action. However, the dispositive consideration in this case is that no decision was issued in the fee dispute action until almost two months after the decision in the matrimonial action, during which period plaintiff had ample opportunity to interpose the malpractice claims in that action. The malpractice action, filed a year and a half later, therefore, cannot avoid being the subject of collateral estoppel. Finally, we agree with the motion court that the malpractice claims are vague and conclusory, warranting dismissal also on that basis (*Pacesetter Communications Corp. v Solin & Breindel*, 150 AD2d 232, *lv dismissed* 74 NY2d 892). Concur—Wallach, J. P., Nardelli, Tom and Colabella, JJ.