■ CHAI PROPERTIES CORP., Appellant, v CARB, LURIA, GLASS-NER, COOK & KUFELD et al., Respondents. [733 NYS2d 336] —Order, Supreme Court, New York County (Paula Omansky, J.), entered July 7, 2000, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

As the motion court held, under the particular circumstances of this case, the earlier default judgment entered against plaintiff in defendant law firm's fee action should have collateral estoppel effect, as a matter of fairness (*see, Lamontagne v Board of Trustees of United Wire, Metal & Mach. Pension Fund*, 183 AD2d 424, 426, *lv denied* 80 NY2d 759), on the issue of legal malpractice herein (*see, Harris v Stein*, 207 AD2d 382). Plaintiff should have realized the inevitable consequences of its earlier default (*see, Curiale v Ardra Ins. Co.*, 202 AD2d 252, 253). We do not find that, after the fee action was ended on default, "an entirely new claim was asserted" in this action, which dealt with the same real estate matter (*cf., Kossover v Trattler*, 82 AD2d 610, 611). Nor do we find that the disparity between the amount of the prior judgment and the amount claimed herein warrants a different result (*see, Harris*, 207 AD2d, *supra*, at 383-384), or that a departure from the rule of *Blair v Bartlett* (75 NY 150; *see also, John Grace & Co. v Tunstead, Schechter & Torre*, 186 AD2d 15, 19) is warranted herein (*see, Tantillo v Giglio*, 156 AD2d 664, 665). Since we find that the complaint was properly dismissed on the ground of collateral estoppel, we do not reach defendants' alternative arguments for summary judgment. Concur—Williams, J. P., Andrias, Wallach, Lerner and Saxe, JJ.