■ JOSEF ITAMARI et al., Appellants, v DIME SAVINGS BANK OF NEW YORK, INC., Respondent. [744 NYS2d 503] —In an action to recover damages for wrongfully declaring a mortgage loan to be in default, the appeal is from so much of an order of the Supreme Court, Kings County (Jackson, J.), entered April 27, 2000, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order as granted that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Dvora Itamari is dismissed, and that portion of the order is vacated; and it is further,

Ordered that the order is otherwise affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff Dvora Itamari died before the defendant moved for summary judgment. It appears that no substitution by a legal representative took place, as required by CPLR 1015 (a). Under these circumstances, the order insofar as it pertains to the plaintiff Dvora Itamari is a nullity and this Court has no jurisdiction to hear and determine the appeal as it pertains to her (see *Campbell v Dutton Stor. Distrib. Co.*, 240 AD2d 690; *Halperin v Waldbaum's Supermarket*, 236 AD2d 514).

With respect to the plaintiff Josef Itamari, the defendant demonstrated its entitlement to summary judgment dismissing the complaint. The original owner of the cooperative apartment assigned his rights and obligations, including those under a loan security agreement, to the plaintiffs without the defendant mortgagee's consent. Subsequently, the plaintiffs failed to pay a special assessment imposed on the apartment by the cooperative board and were declared to be in arrears for maintenance. As a result, the defendant declared the loan to be in default and sold it to a third party. When the third party made a demand for payment of the entire loan, the plaintiffs sold their proprietary interest in the cooperative apartment at a loss and paid off the loan. They then commenced this action against the mortgagee for damages, claiming that it had mis-

handled their account by characterizing the loan as being in default and selling it as a defaulted loan. The Supreme Court granted the defendant's cross motion for summary judgment, finding a lack of privity between the plaintiffs and the defendant. We affirm, but not for the reasons stated by the Supreme Court.

The mortgage was properly declared to be in default since the evidence demonstrates that the plaintiffs failed to pay the special assessment, thereby breaching the proprietary lease. This constituted a default under the loan security agreement (*see e.g. East N.Y. Sav. Bank v Carlinde Realty Corp.,* 54 AD2d 574).

In view of the foregoing analysis, the remaining contentions of Joseph Itamari need not be reached. O'Brien, J.P., Friedmann, Schmidt and Townes, JJ., concur.