HERBERT GLABMAN et al., Respondents, v PAL WEISS, Also Known as BODANSKY, et al., Appellants, et al., Defendants. [779 NYS2d 88]—

In an action to recover unpaid legal fees and disbursements, the appeal, as limited by the brief, is from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated July 24, 2000, as denied that branch of the motion of the defendants Pal Weiss, also known as Bodansky, Elul Realty Corp., and Sam Weiss which was to vacate a judgment of the same court entered October 8, 1999, upon their default in appearing, which was in favor of the plaintiffs Herbert Glabman, Morris Rubenstein, Abraham Reingold, individually, and as Glabman, Rubenstein & Reingold, a partnership, and against the defendants Elul Realty Corp. and Sam Weiss in the principal sum of $28,154.

Ordered that on the Court's own motion, Jamie Honig, as administrator of the estate of Morris Rubenstein, is substituted as a party plaintiff in place of the deceased Morris Rubenstein, and the caption is amended accordingly; and it is further,

Ordered that the appeal from so much of the order as denied the motion insofar as made on behalf of Pal Weiss, also known as Bodansky, is dismissed, without costs or disbursements, and that portion of the order is vacated; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to vacate the judgment as against Sam Weiss and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiffs commenced this action against, among others, Elul Realty Corp. (hereinafter Elul), and its principals Pal Weiss, also known as Bodansky, and Sam Weiss (hereinafter collectively referred to the defendants), to collect fees for legal services in connection with 25 litigation matters.

The defendants subsequently commenced an action against the plaintiffs for their alleged malpractice with respect, inter alia, to a matter commenced in the District Court for the Eastern District of New York entitled *Greyhound Exhibit Group v Elul Realty Corp.* (hereinafter the Greyhound matter). This appeal only concerns the collection of legal fees for the Greyhound matter.

After service of a note of issue and certificate of readiness, the

defendants defaulted, and the plaintiffs obtained a judgment against Elul and Sam Weiss. Thereafter, the defendants' motion to vacate the default judgment was denied.

A party attempting to vacate a default judgment must establish a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *cf. Belesi v Gifford,* 269 AD2d 552 [2000]). While it is true that malpractice is a defense to an action to recover legal fees for professional services, here, the defendants' malpractice action against the plaintiffs was dismissed for failure to proceed with discovery, and the ensuing appeal from the order denying leave to reargue has been dismissed (*see Elul Realty Corp. v Glabman,* 8 AD3d 425 [2004] [decided herewith]). Thus, the defendants are collaterally estopped from raising the defense of malpractice in this action (*see Chai Props. Corp. v Carb, Luria, Glassner, Cook & Kufeld,* 288 AD2d 44 [2001]; *Sterling Doubleday Enters. v Marro,* 238 AD2d 502, 503 [1997]; *cf. Cohen v Bloom,* 234 AD2d 499 [1996]). Accordingly, there is no pending, viable legal malpractice claim with respect to this matter and the defendants have no meritorious defense as to that issue.

Moreover, the defendants failed to establish that the default judgment was the product of fraud (*see* CPLR 5015 [a] [3]), or that the plaintiffs' claim for legal fees with respect to the Greyhound matter was barred by the doctrine of res judicata stemming from their recovery of judgment for legal fees in 24 other matters.

However, so much of the default judgment as was against the individual defendant Sam Weiss must be vacated based on misrepresentations made to the court by the plaintiffs (*see* CPLR 5015 [a] [3]). At the inquest, the plaintiffs alleged that Sam Weiss should be liable under the default judgment because Elul was a partnership. However, the plaintiffs misrepresented Elul's status as a partnership rather than a corporation when there was unequivocal documentary evidence to the contrary. Accordingly, that branch of the motion which was to vacate the default judgment against Sam Weiss should have been granted.

The defendant Pal Weiss, also known as Bodansky, was deceased at the time the order appealed from was issued. Accordingly, the portion of the order which denied the motion insofar as made on his behalf is vacated (*see Itamari v Dime Sav. Bank of N.Y.,* 296 AD2d 381 [2002]). Florio, J.P., S. Miller, Adams and Crane, JJ., concur.