■ MARY KEEGAN, as Executor of NANCY LERNIHAN, Deceased, Respondent, v KAREN MORIARTY-MORRIS, M.D., et al., Defendants/Third-Party Plaintiffs-Appellants, et al., Third-Party Defendant. SUNRISE MEDICAL LABORATORIES, INC., Third-Party Defendant-Appellant. [59 NYS3d 779]—

Separate appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated December 9, 2014. The order, insofar as appealed from, denied that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint, and those branches of the separate motion of the third-party defendant Sunrise Medical Laboratories, Inc., which were for summary judgment dismissing the complaint and the third-party complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the defendants third-party plaintiffs and the third-party defendant Sunrise Medical Laboratories, Inc., appearing separately and filing separate briefs, payable by the plaintiff, those branches of the motions of the defendants third-party plaintiffs and the third-party defendant Sunrise Medical Laboratories, Inc., which were for summary judgment dismissing the complaint are granted, and that branch of the motion of the third-party defendant Sunrise Medical Laboratories, Inc., which was for summary judgment dismissing the third-party complaint insofar as asserted against it is granted.

In August 2011, Nancy Lernihan (hereinafter the decedent) commenced this action against the defendants, inter alia, to recover damages for medical malpractice allegedly committed from April 15, 2009, through November 13, 2009. After the decedent died, the executor of her estate was substituted as plaintiff. In March 2013, the defendants commenced a third-party action against, among others, Sunrise Medical Laboratories, Inc. (hereinafter the third-party defendant). Subsequently, the third-party defendant moved, inter alia, for summary judgment dismissing the complaint and the third-party complaint insofar as asserted against it, and the defendants third-party plaintiffs separately moved, inter alia, for summary judgment dismissing the complaint. The Supreme

Court denied those branches of the motions. The defendants third-party plaintiffs and the third-party defendant separately appeal.

" 'Upon the filing of a voluntary bankruptcy petition, all property which a debtor owns, including a cause of action, vests in the bankruptcy estate' " (*Lightning Capital Holdings LLC v Erie Painting & Maintenance, Inc.*, 149 AD3d 1229, 1230 [2017], quoting *Central Natl. Bank, Canajoharie v Scotty's Auto Sales, Inc.*, 138 AD3d 1263, 1264 [2016]; *see* 11 USC § 541 [a] [1]; *Santori v Met Life*, 11 AD3d 597, 599 [2004]). "The failure of a party to disclose a cause of action as an asset in a prior bankruptcy proceeding, which the party knew or should have known existed at the time of that proceeding, deprives him or her of 'the legal capacity to sue subsequently on that cause of action' " (*Potruch & Daab, LLC v Abraham*, 97 AD3d 646, 647 [2012], quoting *Whelan v Longo*, 23 AD3d 459, 460 [2005], *affd* 7 NY3d 821 [2006]).

Here, the third-party defendant and the defendants third-party plaintiffs met their respective prima facie burdens of establishing that the decedent had filed for bankruptcy in 2009, that her causes of action against the defendants remained the property of the bankruptcy estate, and that the plaintiff therefore lacked the capacity to sue on those causes of action. The evidence submitted in support of the motions established, prima facie, that the decedent did not disclose her causes of action against the defendants in her schedule of assets in the bankruptcy proceeding, and that she knew or should have known of the existence of those causes of action prior to the close of the bankruptcy proceeding (*see Lightning Capital Holdings LLC v Erie Painting & Maintenance, Inc.*, 149 AD3d 1229 [2017]; *see also Thruway Invs. v O'Connell & Aronowitz*, 3 AD3d 674, 677-678 [2004]; *DeLarco v DeWitt*, 136 AD2d 406, 408 [1988]; *Schepmoes v Hilles*, 122 AD2d 35, 36 [1986]; *cf. Martinez v Desai*, 273 AD2d 447, 447-448 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact.

The parties' remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted those branches of the motions of the defendants third-party plaintiffs and the third-party defendant which were for summary judgment dismissing the complaint. Moreover, in light of this determination, the third-party defendant was also entitled to summary judgment dismissing the third-party complaint insofar as asserted against it (*see Bellini v Gypsy Magic Enters., Inc.*, 112

AD3d 867, 868-869 [2013]). Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.