ARS Invs. II 2012-1 HVB, LLC v Trilogy, LLC (2018 NY Slip Op 02764)





ARS Invs. II 2012-1 HVB, LLC v Trilogy, LLC


2018 NY Slip Op 02764


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2015-09764
 (Index No. 66376/14)

[*1]ARS Investors II 2012-1 HVB, LLC, respondent,
v
Trilogy, LLC, et al., appellants.


Robert F. Zerilli, Yonkers, NY, for appellants.
Kriss & Feuerstein, LLP, New York, NY (Jerold C. Feuerstein, Michael J. Bonneville, and Tiffany L. Henry of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Westchester County (Francesca E. Connolly, J.), dated September 15, 2015. The order, insofar as appealed from, upon reargument, in effect, vacated the original determination in an order dated May 14, 2015, denying that branch of the plaintiff's prior motion which was for summary judgment on the complaint, and thereupon, granted that branch of the plaintiff's prior motion. By order dated April 17, 2017, the Supreme Court (David F. Everett, J.) granted the motion of the plaintiff's successor in interest to discontinue the action against the defendant Nicola M. Plumaj.
ORDERED that the appeal by the defendant Nicola M. Plumaj is dismissed as academic; and it is further,
ORDERED that the order dated September 15, 2015, is affirmed insofar as appealed from by the defendant Trilogy, LLC; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In December 2004, the defendant Trilogy, LLC (hereinafter Trilogy), obtained a loan from Hudson Valley Bank (hereinafter HVB), the plaintiff's predecessor-in-interest, evidenced by a note in the principal sum of $1,375,000. As security for the note, Trilogy executed a mortgage in favor of HVB encumbering real property in White Plains. The defendant Nikola M. Plumaj, the managing member of Trilogy, executed a personal guaranty with respect to the loan. In March 2012, the mortgage and note were assigned to the plaintiff, ARS Investors II 2012-1 HVB, LLC. In September 2014, the plaintiff commenced this action to foreclose the mortgage against, among others, Trilogy and Plumaj (hereinafter together the appellants). The complaint alleged, among other things, that the appellants defaulted on the loan by failing to pay the outstanding principal plus interest and all other amounts due by the maturity date of April 1, 2012. The complaint also alleged that the appellants defaulted on the loan by failing to pay the real estate taxes due in connection with the mortgaged premises.
Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint. In an order dated May 14, 2015, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the complaint, finding that the appellants had raised a triable issue of fact with respect to whether HVB, the plaintiff's predecessor-in-interest, orally agreed to extend the note past the April 1, 2012, maturity date. The order also granted that branch [*2]of the plaintiff's motion which was to amend the caption by deleting the names "John Doe" and "Jane Doe" as defendants.
Thereafter, the plaintiff moved, inter alia, for leave to reargue that branch of its motion which was for summary judgment on the complaint. The plaintiff argued, among other things, that the Supreme Court overlooked the fact that the appellants' failure to pay the real estate taxes constituted an independent event of default under the loan documents, which entitled the plaintiff to foreclose on the mortgaged premises. In the order appealed from, the court granted the plaintiff's motion for leave to reargue and, upon reargument, granted that branch of the plaintiff's motion which was for summary judgment on the complaint. The court found that, upon reargument, the plaintiff met its prima facie burden for summary judgment by submitting evidence of the subject note and mortgage and proof of the appellants' default in failing to pay the real estate taxes. The court further found that, in opposition, the appellants failed to raise a triable issue of fact.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1001 [internal quotation marks omited]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687). Here, in support of its motion for summary judgment, the plaintiff submitted the mortgage, the unpaid note, and evidence of Trilogy's default in failing to pay real estate taxes on the property. As correctly argued by the plaintiff, the failure to pay real estate taxes as required by the terms of the note and mortgage constituted a default event under the note and mortgage and entitled the plaintiff to foreclose on the mortgaged property (see Itamari v Dime Sav. Bank of N.Y., Inc., 296 AD2d 381, 382; East N.Y. Sav. Bank v Carlinde Realty Corp., 54 AD2d 574; Jamaica Sav. Bank v Cohan, 36 AD2d 743, 743). Contrary to Trilogy's contentions, it failed to raise a triable issue of fact in opposition to the plaintiff's motion.
Accordingly, the Supreme Court, upon reargument, properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court