| |
|---|
| **HOF I Grantor Trust 5 v M&M Props. Ventures LLC** |
| 2025 NY Slip Op 33698(U) |
| October 8, 2025 |
| Supreme Court, Nassau County |
| Docket Number: Index No. 600901/2024 |
| Judge: Leonard D. Steinman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------------X

HOF I GRANTOR TRUST 5,

                                       **Plaintiff,**

                    -against-

M&M PROPERTIES VENTURES LLC, MONACHAN
MATHAI, MURTAJUR RAHMAN, MATHAI GROUP
CAPITAL VENTURE LLC, VICTORIA MOVTADY,
NYS DEPARTMENT OF TAXATION & FINANCE,
"John Doe 1-10," said names being fictitious and
unknown to plaintiff, the persons or parties intended
being the tenants, occupants, persons or corporations,
if any, having or claiming an interest in, or lien upon
the premises described in the complaint,

                                   **Defendants.**

-------------------------------------------------------------------------X

**IAS Part 6**
**Index No. 600901/2024**
**Mot. Seq. Nos. 002-003**

**DECISION AND ORDER**

**LEONARD D. STEINMAN, J.**

---

       The following papers, in addition to any memoranda of law and/or statement of material facts, were reviewed in preparing this Decision and Order:

Plaintiff's Notice of Motion, Affirmation, Affidavits & Exhibits........................1
Answering Defendants' Notice of Cross-Motion & Affirmation...................2
Plaintiff's Affirmation in Opposition to Cross-Motion and in Further
              Support of Motion & Exhibits…………………………………….. 3

---

       Plaintiff moves for an order granting summary judgment in its favor pursuant to CPLR 3212 and to, among other things, amend the caption and appoint a referee to compute. Defendants M&M Properties Ventures LLC ("M&M") and Murtajur Rahman (collectively referred to as the "Answering Defendants") oppose the motion and cross-move for dismissal of the complaint against them pursuant to CPLR 3211(a)(3). For the reasons set forth below, plaintiff's motion is denied and Answering Defendants' cross-motion is granted.

[* 1]

## BACKGROUND

On August 18, 2021, M&M, a New York limited liability company, executed a mortgage note in the amount of $997,762.50 and a building loan mortgage note in the amount of $314,500.00. On the same day, M&M executed mortgages in favor of plaintiff's predecessors as security for the notes, secured by the property located at 18 Twin Ponds Road, Kings Point, New York. Both notes and both mortgages were signed by defendants Rahman and Mathai as agents of M&M. Rahman and Mathai also executed commercial guaranties of the mortgages in their individual capacities. M&M defaulted on the mortgages on May 18, 2023.

Plaintiff was assigned the notes and mortgages pursuant to assignments dated October 12, 2023. Plaintiff's motion is supported by affidavits submitted by (1) a director and real estate counsel for Loan Servicer LLC, a loan servicer for plaintiff pursuant to a loan servicing agreement effective October 12, 2023 signed by plaintiff's "deputy chief credit officer"; and (2) the vice-president of Superior Loan Servicing, a sub-servicer pursuant to a subservicing agreement entered into with Loan Servicer LLC.

None of the documents submitted by plaintiff reflect the identity of the trustee of plaintiff or that such trustee authorized this action. Nor do the loan servicing agreements expressly provide that either Loan Servicer LLC or Superior Loan Servicing have authority to commence and prosecute legal actions on behalf of the plaintiff—although Loan Servicer is provided authority to execute affidavits necessary for foreclosure proceedings "or other related enforcement actions by Lender…."

## LEGAL ANALYSIS

This court first addresses the cross-motion as it may dispose of the matter.

In their cross-motion to dismiss, the Answering Defendants argue that plaintiff, as a trust, lacks capacity to sue, and this action must therefore be dismissed. Answering Defendants further challenge plaintiff's standing on the grounds that the allonges through which the notes were endorsed to plaintiff were not "so firmly affixed thereto as to become part thereof" in accordance with UCC §3-202(2).

2

[* 2]

"Where, as here, standing [in a foreclosure action] is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief." *Dyer Trust 2012-1 v. Global World Realty, Inc.*, 140 A.D.3d 827 (2d Dept. 2016), *quoting Aurora Loan Servs. LLC v. Taylor*, 114 A.D.3d 627 (2d Dept. 2014). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note. Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Id.* (citations omitted).

Even if the allonges were not sufficiently attached to the notes, plaintiff has established its standing in this foreclosure action through proof that the mortgages and notes were assigned to it in writing prior to the commencement of this action. *See, e.g., GECMC 2007-C1 Ditmars Lodging, LLC v. Mohola, LLC*, 84 A.D.3d 1311 (2d Dept. 2011); *Mtge. Stanley Private Bank, N.A. v. Ceccarelli*, 210 A.D.3d 478 (1st Dept. 2022). *Cf. Deutsche Bank Nat'l Trust Co. v. Idarecis*, 133 A.D.3d 702 (2d Dept. 2015).

Whether plaintiff has capacity to sue as a trust presents a more challenging issue. "Capacity to sue is a threshold matter allied with, but conceptually distinct from, the question of standing. As a general matter, capacity concerns a litigant's power to appear and bring its grievance before the court. Capacity to sue can be derived from an express statutory grant, as in the case of a business corporation or unincorporated association, or can be inferred, even in the absence of statutory authority, where the power to sue and be sued is a necessary incident of the party's responsibilities. Where there is no statutory authority to sue, and such authority is not necessarily implied from the entity's other powers, however, there is no capacity, and a petition or complaint must be dismissed." *Matter of Village of Chestnut Ridge v. Town of Ramapo*, 45 A.D.3d 74, 80 (2d Dept. 2007) (internal citations and quotations omitted). A party moving to dismiss based on lack of capacity to sue must make a *prima facie* showing that the plaintiff lacks such capacity. *See Keegan v. Moriarty-Morris*, 153 A.D.3d 683 (2d Dept. 2017).

3

A trust "is a legal fiction, and cannot sue or be sued itself." *U.S. Bank N.A. v. Davis*, Lexis 15416 (Sup. Ct. Nassau Co. 2024), *citing Natixis Real Estate Cap. Trust 2007-HE2 v. Natixis Real Estate Holdings, LLC*, 149 A.D.3d 127 (1st Dept. 2017); *see* EPTL§ 7-2.1(a); *see also* 90A C.J.S. Trusts § 575 ("A trust is simply a collection of assets and liabilities, and as such, a trust has no capacity to sue or be sued. …[I]nstead, the real party in interest in litigation involving a trust is always the trustee"). Here, defendant correctly points out that plaintiff purports to bring this foreclosure action in its own name and not that of the mystery trustee(s).

In reply, plaintiff argues that it has standing to sue as the assignee and holder of the notes at issue. Plaintiff further argues that it is a real party in interest based on its holding of the notes and cites to *NYCTL 1996-1 Trust v. 209 Holding Corp.*, 269 A.D.2d 580 (2d Dept. 2000) to support its argument that it has standing. Such argument does not, however, address whether it has *capacity* to sue, which the courts in *NYCTL 1996-1 Trust* and *Natixis Real Estate Cap. Trust 2007-HE2* also did not address. Instead, the court in *Natixis Real Estate Cap. Trust 2007-HE2* found that the applicable documents creating the plaintiff servicing entity gave it authority to sue; but the issue of whether a plaintiff has the capacity to sue *as a trust* was not addressed.

Plaintiff's naked argument that it is not an express trust governed by EPTL § 7-2.1(a) simply because it was not created to administer property within a decedent's estate is without merit. Plaintiff does not dispute that an instrument exists—although not submitted to the court—by which a trust was created imposing upon a trustee the duty to administer property for the benefit of a named beneficiary. EPTL 11-1.1. Plaintiff has not shown that it is the type of trust for which EPTL § 7-2.1(a) is inapplicable.

Plaintiff here does not point to any other legal basis on which it has capacity to sue. Therefore, while plaintiff may have standing to foreclose on the mortgage at issue, this court is not persuaded that plaintiff has capacity to maintain this action, and the action must be dismissed. *See Matter of Village of Chestnut Ridge*, 45 A.D.3d at 80; *Keegan*, 153 A.D.3d at 684; *Ronald Henry Land Tr. v. Sasmor*, 44 Misc.3d 51 (App. Term 2014); *see also*

4

[* 4]

*Revitalizing Auto Communities Envtl. Response Tr. v. Nat'l Grid USA*, 10 F.4th 87, 97-98 (2d Cir. 2021).[1]

Therefore, plaintiff's motion for summary judgment is denied and the cross-motion to dismiss granted. *See U.S. Bank, N.A. v. Primiano*, 140 A.D.3d 857 (2d Dept. 2016).

Any relief requested not specifically addressed herein is denied.

This constitutes the decision and order of this court.

Dated: October 8, 2025
  Mineola, New York

ENTER:

_____
LEONARD D. STEINMAN, J.S.C.
XXX

---

[1] Plaintiff did not seek, as an alternative to dismissal, leave to substitute the trustee(s) as plaintiff and it would be inappropriate to order such relief since the court is unaware of the identity of the trustee(s) nor has it seen the trust instrument.

5